**Glen Thomas CARTER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22859.**

United States Court of Appeals
Fifth Circuit.

June 16, 1966.

Robert Coffey (Court-appointed counsel), Houston, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Thomas L. Morrill, James F. Dickson, Jr., Asst. U. S. Attys., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and RIVES, Circuit Judges.

HUTCHESON, Circuit Judge:

This appeal is from a conviction on two counts of a three count indictment charging transportation of stolen motor vehicles in foreign commerce in violation of 18 U.S.C. Section 2312.[1] Appellant Carter complains that testimony given by certain Government witnesses was improperly admitted into evidence by the court below and requests a reversal based upon this alleged error. We find no error and accordingly affirm.

Glen Thomas Carter was charged with driving several stolen automobiles from Laredo, Texas, to Nuevo Laredo, Mexico, during late September and early October, 1964, knowing at the time that the vehicles were stolen. Carter admitted driving the automobiles in question both in Texas and in Mexico; but he denied knowledge of the fact that the cars were stolen, and denied having driven them from Texas into Mexico, both of which are essential elements of the offense charged.

The Government's chief witness was Joe G. Vallejo, a junk dealer who hauled various materials between San Antonio and Laredo, Texas. Vallejo testified that in late September, 1964, he picked up Carter hitchhiking in Laredo and gave him a ride to San Antonio; that during the ride Carter discussed the cars in question and requested his assistance in disposing of them; and that Carter admitted driving the cars into Mexico and knowing that they were without certificates of title and presumably stolen. Vallejo reported this conversation to the Federal Bureau of Investigation, which placed both men under surveillance. After notifying the F. B. I., Vallejo continued his contacts with Carter. Shortly thereafter Carter and Vallejo traveled to Nuevo Laredo, Mexico, where Carter showed Vallejo the stolen vehicles.

Carter, represented by privately retained counsel, testified in his own behalf and denied Vallejo's story. He related that he had driven the cars to Laredo, Texas, and thereafter in Mexico, at the request of a third party working in connection with Vallejo (and who could not be identified or found at the time of the trial); but stated that he did not know the cars were stolen, nor did he transport them across the border.

Carter was arrested by state authorities in San Antonio on his return from Nuevo Laredo on October 5, 1964. He was confined several days in the San Antonio jail. On the day of his arrest, and again three days later he was interviewed in jail by F.B.I. Special Agent David C. Powers; on October 6, he was interviewed by San Antonio Police Detective Nathan R. McRae. Agent Powers stated that before each interview he "advised [Carter] that he had the right to consult with an attorney prior to saying anything to us, that he could remain silent, that anything he did say could be used against him in a Court of Law". Detective McRae stated that he also "warned [Carter] of his constitutional rights." Powers and McRae testified during the trial, the former over the objection of Carter's counsel, regarding the interviews with Carter. The information so revealed, however, fully coincided with Carter's own story during the trial; Carter told Powers and McRae that he was working for Vallejo and another man, and that he did not know the cars were stolen and did not drive them across the border into Mexico.

The Government presented additional witnesses whose testimony served to con-

1. Sec. 2312. *Transportation of stolen vehicles.*

Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

·nect Carter with the stealing of the automobiles in San Antonio and with the stolen vehicles in Mexico. Upon all this evidence the jury returned a verdict of "guilty" on two counts of the indictment, and the court entered sentence.

Appellant Carter vigorously assails the trial court's admission into evidence of the testimony of Vallejo, Powers, and McRae. The statements to which these witnesses testified, argues appellant, were made at a time when he was entitled to, but improperly denied, the effective assistance of counsel, and therefore are inadmissible. To support his allegation that this amounted to a deprivation of constitutional rights guaranteed by the Sixth Amendment, appellant cites Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and Lee v. United States, 322 F.2d 770 (5th Cir. 1963). And as a last alternative appellant suggests that even if admission of the complained-of testimony does not do violence to the Constitution, nevertheless it was so unfairly obtained that we should prohibit its use in the exercise of our *McNabb-Mallory* [2] supervisory powers. The Government answers that appellant was not entitled to counsel when he made the statements to which witness Vallejo testified; that he was not unconstitutionally denied counsel when he made the statements to which Powers and McRae testified; and that since both Powers and McRae merely repeated appellant's own story, any error committed in admitting their testimony was harmless.

 We are convinced that the facts and circumstances of the case at bar did not call for, and would not justify, application of the constitutional principles invoked by appellant. The statements made to witness Vallejo were voluntarily made by Carter; according to Vallejo, Carter revealed this information in the hope that Vallejo would assist him in disposing of the cars in question. At this time Vallejo was not a Government agent,

nor was he acting at the request of Government agents. Plainly there is no right to counsel at this stage. Undoubtedly Carter regrets having confided in Vallejo, and would not have done so had he known Vallejo would turn him in, but this does not render Vallejo's testimony inadmissible on constitutional or any other grounds.

And we can find no error in the trial court's admitting the testimony of Agent Powers and Detective McRae. Both men stated without contradiction that appellant was fully apprised of his constitutional rights before being questioned, and yet chose to talk with them. Importantly, the statements made by Carter do not reveal any facts other than those actually admitted by Carter in his own testimony. We cannot say that appellant was prejudiced by the admission of this testimony.

Affirmed.

---

2. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957);

McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943).